UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALARM DETECTION SYSTEMS, INC.,

    Plaintiff,

  v.

BLOOMINGDALE FIRE PROTECTION
DISTRICT; LEMONT FIRE PROTECTION
DISTRICT; ORLAND FIRE PROTECTION
DISTRICT; TYCO INTEGRATED SECURITY,
LLC; CROSS POINTS, INC.; and CHICAGO
METROPOLITAN FIRE PREVENTION
COMPANY,

    Defendants.

No. 14 C 876

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

DuPage Public Safety Communications (known as "Du-Comm") has moved to intervene in this action filed by Alarm Detection Systems ("ADS") against the Bloomingdale Fire Protection District ("Bloomingdale") and others. R. 115. ADS seeks an injunction against Bloomingdale for violation of federal anti-trust statutes (among other claims), *see* R. 76, and argues that "[a]ny relief sought against Bloomingdale would apply to its alter ego [Du-Comm], as [Du-Comm] has no legal status and could be bound in any event as a third party if it were a separate legal entity." R. 108 at 3 n.4 (¶ 3(c)). Du-Comm was formed by Bloomingdale and other municipalities and fire districts to provide certain services including "a central location for 911 dispatch services." R. 133 at 1. ADS opposes Du-Comm's motion to intervene. R. 133.

Federal Rule of Civil Procedure 17(b) requires that a party have the "[c]apacity to sue or be sued." For parties other than individuals and corporations, the capacity to sue or be sued is "determined . . . by the law of the state where the court is located, except that . . . a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." *Id.*

ADS argues that Du-Comm does not have "the capacity to sue or be sued" because "there is no statutory authority for Du-Comm to exist as an independent legal entity." R. 133 at 4. But ADS admits that Bloomingdale and the other fire districts have the power to "enter into cooperative agreements" pursuant to the Illinois Intergovernmental Cooperation Act ("IICA"), R. 133 at 7-8, for the purpose of "creat[ing]" a "public agency." *See* 5 ILCS 220/2(1). ADS also admits that Du-Comm satisfies the IICA's definition of "public agency" because "it is a combination of units of local government." R. 133 at 8.

Bloomingdale and the other "17 municipalities and 22 fire protection districts" that participate in Du-Comm describe Du-Comm as a "co-operative venture." R. 133 at 6. Neither the Federal Rules of Civil Procedure nor the Illinois Code of Civil Procedure expressly address whether a "co-operative venture" has the capacity to be sued. Both Federal Rule of Civil Procedure 17(b) and Section 209.1 of the Illinois Code of Civil Procedure, however, provide that "unincorporated associations" have the capacity to be sued. Although the Court has not found any

authority specifically finding that entities formed pursuant to the IICA are "unincorporated associations" for the purposes of Section 209.1 or Rule 17(b), a number of courts have found that entities formed pursuant to the IICA can be sued. *See Maltby v. Winston*, 36 F.3d 548, 560 n.14 (7th Cir. 1994); *Nixon v. Smith*, 2011 WL 3236042, at *3 (N.D. Ill. July 26, 2011) (citing cases). Notably, the Seventh Circuit permitted Du-Comm to intervene in a case ADS argues is central to its claims in this case. *See* R. 139-1 at 57-58. This authority clearly supports Du-Comm's capacity to be sued and intervene in this case.

Moreover, the charter agreement that created Du-Comm gives it "the power in its own name, to make and enter into contracts, to employ agents and employees, to acquire, hold and dispose of property, real and personal, and to incur debts, liabilities or obligations necessary for the accomplishment of its purposes." R. 139-1 at 3 (¶ 5). According to Du-Comm's Executive Director, the charter agreement has enabled Du-Comm to enter into labor agreements and group health insurance contracts, R. 139-1 at 45 (¶¶ 14-15), and to carry on other activities that have caused Du-Comm to be the subject of lawsuits in both state and federal courts. *Id.* at 44 (¶¶ 12-13). These facts also support Du-Comm's capacity to be sued.

ADS's opposition to Du-Comm's motion rests entirely on ADS's argument that Du-Comm lacks the capacity to be sued, which the Court has rejected. ADS has not argued that Du-Comm's motion fails to meet the requirements for intervention under Federal Rule of Civil Procedure 24(a). *See* R. 133 at 11. ADS likely decided not to address Rule 24 because Du-Comm clearly satisfies it. Du-Comm's motion

3

satisfies Rule 24's timeliness requirement in that Du-Comm filed its motion within two months of ADS filing its amended complaint. Further, Du-Comm clearly has "an interest relating to the property or transaction that is the subject of the action," Fed. R. Civ. P. 24, as ADS seeks an injunction that it claims would bind Du-Comm. Therefore, Du-Comm's motion to intervene, R. 115, is granted.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: August 20, 2014